MICHAEL B. HORROW (SBN 162917)
Email: mhorrow@donahuehorrow.com
NICHOLE D. PODGURSKI (SBN 251240)
Email: npodgurski@donahuehorrow.com
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302

Attorneys for Plaintiff,
ESTATE OF DAVID MAURICE, JR. and
STACY MAURICE, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID MAURICE, JR. and STACY MAURICE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; SOUTHERN CALIFORNIA EDISON COMPANY EMPLOYEE BENEFIT PLAN and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

Plaintiffs allege as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiffs for benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.  The events or omissions giving rise to Plaintiffs' claim(s) occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiffs are informed and believe and thereon allege that Defendant, SOUTHERN CALIFORNIA EDISON COMPANY EMPLOYEE BENEFIT PLAN is an employee welfare benefit plan established and maintained Southern California Edison Company, a California corporation doing business in the State of California, to provide its employees with income protection in the event of a disability and/or accidental death or dismemberment, and, is the Plan Administrator.

5. Plaintiffs allege upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania and authorized to transact and transacting the business of insurance in this state.

6. Decedent DAVID MAURICE, JR. ("MR. MAURICE") at all relevant times was a resident and citizen of the State of California, an employee of Southern California Edison Company and a participant in the Plan(s).

7. MR. MAURICE died on December 20, 2015. Plaintiff, ESTATE OF DAVID MAURICE, JR., is the beneficiary of the dismemberment benefit under the Plan(s).

8. Plaintiff, STACY MAURICE ("MS. MAURICE"), at all relevant times was married to decedent MR. MAURICE and is a beneficiary under the Plan(s).

9. Based upon information and belief, Defendant LINA issued the Group Accidental Death and Dismemberment Policies (OK 980019 and OK 980020) to Southern California Edison Company and the eligible participants and beneficiaries of the Plan(s).

10. The Plan(s) provides benefits for specific losses, including the loss of life and the loss of one hand or foot.

The following operative policy provisions apply:

"Covered Accident:

A sudden, unforeseeable, external event that results, directly and independently of all other causes, in a Covered Injury or Covered Loss and meets all of the following conditions:

1. Occurs while the Covered Person is insured under this Policy;
2. Is not contributed to by disease, Sickness, mental or bodily infirmity;
3. Is not otherwise excluded under the terms of this Policy.

Covered Injury:

Any bodily harm that results directly and independently of all other causes from a Covered Accident.

Covered Loss:

A loss that is all of the following:

1. The result, directly and independently of all other causes, of a Covered Accident;
2. One of the Covered Losses specified in the *Schedule of Covered Losses*;
3. Suffered by the Covered Person within the applicable time period specified in the *Schedule of Benefits*.

Common Exclusions:

In addition to any benefit-specific exclusions, benefits will not be paid for any Covered Injury or covered Loss which, directly or indirectly, in whole or in part, is caused by or results from any of the following unless coverage is specifically provided for by name in the *Description of Benefits* Section:

4. Illness or disease;

  5. An infection, except pus forming infections from an accidental wound;

Time Period for Loss

Any Covered Loss must occur within: 365 days of the

Covered Accident."

11. Prior to his accident and subsequent death, MR. MAURICE was Supervisor at Southern California Edison Company.

12. On May 22, 2008, MR. MAURICE was walking in a swimming pool and cut his feet bilaterally on glass. The more severe injury and cuts were to his left foot. Subsequent to this injury, and due to the injury's inability to heal, MR. MAURICE was forced to undergo a left below-the knee amputation on April 30, 2015.

13. On or about October 10, 2015, MR. MAURICE submitted a claim to LINA for the accidental dismemberment of his left leg below the knee.

14. In a letter dated October 20, 2015, LINA wrote to MR. MAURICE and acknowledged receipt of his claim.

15. Sadly, due to complications stemming from the injury and subsequent surgery, MR. MAURICE died on December 20, 2015.

16. On or about January 12, 2016, MS. MAURICE wrote to LINA and notified LINA of MR. MAURICE's passing.

17. In a report dated February 4, 2016, Marc Levin, M.D., a physician hired by LINA to review MR. MAURICE's medical records, opined the following:

"based on the review of records, the claimant had an injury on 5/22/2008 while walking in a swimming pool when he cut his bilateral feet on glass…the injuries resulted in multiple surgical interventions to include left big toe amputation, infections, and below the knee amputation of the left lower extremity… The injury that occurred in 2008 would have a great extent of degree that contributed to the claimant's multiple surgical interventions and health issues..."

\\\

18. In a letter dated March 10, 2016, LINA notified MS. MAURICE that her claim(s) for benefits under the Accidental Dismemberment Policies (both basic and supplemental) had been denied.

19. On or about August 24, 2016, MS. MARUICE appealed LINA's decision to deny her claim(s). This appeal, in part, contained the opinion of Jeffrey Galpin, M.D., an expert board certified in internal medicine and infectious disease, who opined the following:

> "It is my expert medical opinion, based on my background, education, training and experience, and review of all of the records and declarations, that the accidental cuts to David Maurice's left foot that occurred on or about May 22, 2008, were to a reasonable, in fact, relatively high probability more likely than not, the cause of his left below-the-knee amputation on April 30, 2015."

20. On or about October 20, 2016, LINA upheld it's unreasonably, arbitrary and capricious denial of benefits.

21. For all the reasons set forth above, the decision to deny benefits was arbitrary, capricious and contrary to the terms of the Plan.

22. As a direct and proximate result of the Defendants' failure to provide PLAINTIFFS with benefits, PLAINTIFFS have been deprived of said benefits since MR. MARUICE qualified for benefits under the policy to the present date.

23. As a further direct and proximate result of the denial of benefits, PLAINTIFFS have been required to incur attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

24. A controversy now exists between the parties as to whether PLAINTIFFS are owed benefits under the Plan. PLAINTIFFS seek the declaration of this Court that she is entitled to benefits from the Plan.

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. An award of benefits in the amount not paid PLAINTIFFS from on or about the date that MR. MAURICE became eligible for benefits under the plan, to the

date of judgment herein, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

    2.    For reasonable attorney fees incurred in this action; and,

    3.    For such other and further relief as the Court deems just and proper.

DATED: December 21, 2016                        DONAHUE & HORROW, LLP

                                                            */s/ Michael B. Horrow*
                                                            MICHAEL B. HORROW
                                                           NICHOLE D. PODGURSKI
                                                           Attorneys for Plaintiffs