UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

Not Present    Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (Dkt. 74, filed August 29, 2018)

## I.    INTRODUCTION & BACKGROUND

David Maurice was covered by two accidental death & disability ("AD&D") policies issued by defendant Life Insurance Company of North America ("LINA"). On October 10, 2015, Maurice submitted a claim for benefits under the Policies contending that he stepped on glass in a swimming pool in May 2008 and that a resulting infection ultimately required a below-the-knee amputation of his left leg. Maurice passed away on December 20, 2015. Defendant denied Maurice's claim for benefits on March 10, 2016, and on December 22, 2016, the Estate of David Maurice Jr. and Stacy Maurice filed this action to challenge defendant's denial. Dkt. 1. The Court held a bench trial and on June 4, 2018, the Court issued findings which overturned defendant's denial of benefits. Dkt. 57 ("Findings"). The Court entered judgment on June 15, 2018. Dkt. 59.

On August 29, 2018, plaintiffs filed the instant motion for attorneys' fees. Dkt. 74 ("Mot."). On September 24, 2018, defendant filed its opposition, dkt. 77 ("Opp'n"); and plaintiffs filed a reply on October 15, 2018, dkt. 80 ("Reply"). The Court held a hearing on October 29, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A court in a case brought under the Employee Retirement Income Security Act ("ERISA") "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Ninth Circuit has stated that ERISA "should be liberally construed in favor of protecting participants in employee benefits plans," which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

entails that "a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (citations omitted). When exercising its discretion to award attorney's fees, a court should consider the following five factors: "(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." Canseco v. Construction Laborers Pension Trust for Southern California, 93 F.3d 600, 609–10 (9th Cir. 1996); see also Hummel v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). These five factors are referred to as the "Hummel factors."

If an award of attorneys' fees is justified, the amount is calculated "using a hybrid lodestar/multiplier approach." McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by this circuit." Id. at 1. While a multiplier can be used, "[t]he lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed factual findings . . . that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

## III.  DISCUSSION

Plaintiff seeks an award of attorneys' fees in the amount of $237,780 and an award of costs in the amount of $3,865.66. Defendant argues that special circumstances and the application of the Hummel factors to this case shows that an award of fees is improper. Additionally, defendant argues that even if a fee award is proper, plaintiffs' requested figure is excessive because it is computed using an inflated hourly rate for plaintiffs' attorneys and because it requests fees for an excessive number of hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

### A. An Award of Fees is Proper in this Case

As a preliminary matter, the Court finds that plaintiffs achieved success on the merits and that no special circumstances exist to deny plaintiffs' requested attorneys' fees. Defendant argues that plaintiffs' fee request should be denied because the "substantially contributed" standard in the Ninth Circuit did not apply to AD&D cases until the Ninth Circuit reached its decision in Dowdy v. Metro. Life Ins. Co., 890 F.3d 802, 809 (9th Cir. 2018), after defendant denied Maurice's claim. Opp'n at 5. As plaintiffs point out, defendant's argument fails because the "substantially contributed" standard was controlling law as early as 1996. See McClure v. Life Ins. Co. of N. Am., 84 F.3d 1129, 1135 (9th Cir. 1996).

The parties further dispute whether the Hummel factors weigh in favor of awarding fees. With respect to the first factor, the degree of the opposing party's culpability or bad faith, it appears that this factor weighs slightly in favor of plaintiffs. The Court did not make a specific finding regarding defendant's bad faith following the bench trial, but it appears that defendant refused to follow the "substantially contributed" standard set forth by the Ninth Circuit when evaluating Maurice's claim in favor of its own "directly and independently of all other causes" standard in its policy language. Findings ¶¶ 42–43.

The second factor, defendant's ability to pay an award, clearly favors plaintiffs. Defendant admits as much, but argues that this fact alone is not dispositive. While no single Hummel factor is dispositive, the Ninth Circuit has emphasized the importance of the second factor when an employee-plaintiff has initiated a lawsuit. Smith, 746 F.2d at 590 ("absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant.").

The third factor, whether an award of fees against the opposing party would deter others from acting under similar circumstances, also favors plaintiff. Awarding fees in this case reinforces the federal policy in favor of holding benefit claim administrators to a high standard of integrity. See Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008). Defendant argues that this factor weighs in its favor because it claims that substantial evidence supported its denial of Maurice's claim. This argument, however, is inconsistent with the Hummel test: if accepted, it would effectively force an ERISA plaintiff to demonstrate willful misconduct in order to recover fees, and there is no indication that plaintiffs must meet such a high standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

The fourth factor, whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, favors plaintiff. This case mostly involved factual questions, but plaintiffs point out that their lawsuit benefitted all participants by discouraging ERISA plans from ignoring the controlling "substantially contributed" standard in favor of their own, more restrictive, policy language. Mot. at 11.

The fifth factor, the relative merits of the parties' positions, involves no "special circumstances" that would require denying attorneys' fees. Consequently, the Court finds that the Hummel factors applied to this case point to the conclusion that a fee award is appropriate.

### B. Reasonable Hourly Rate

In determining a reasonable hourly rate, a court should look to the prevailing market rates in the relevant legal community. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). By multiplying this rate by the number of hours expended on the litigation, the fee award will "roughly approximate[ ] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Id. In determining a reasonable hourly rate, a district court should consider "the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008) (factors to consider include the novelty and difficulty of the issues, the experience of counsel, and fee awards in similar cases).

In support of the attorneys' fees request, plaintiffs submit declarations by their counsel. See Dkt. 74-1, Declaration of Russell G. Petti ("Petti Decl."); Dkt. 74-2, Declaration of Nichole D. Podgurski ("Podgurski Decl."); Dkt. 74-3, Declaration of Michael B. Horrow ("Horrow Decl."). Plaintiffs submit that a reasonable rate of work performed by Petti and Horrow is $650 per hour through April 2018, and $700 per hour afterward. Petti Decl. ¶ 11. Petti is an experienced trial lawyer who has litigated over 200 civil matters. Id. ¶ 9. Petti has also had numerous defendants pay him his fees at his then current rate of $650 per hour. Id. ¶ 22. Petti also submits the declaration of another experienced ERISA attorney who charges $700 per hour, id. ¶ 11, Ex. F, Declaration of Ronald Dean, and two attorneys who attest to Petti's experience and skill and the reasonableness of his rate, id. Ex. G (Declaration of Dave Scheper); Ex. H (Declaration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

of George Newhouse).[1] Petti also documents several fee awards he has received from federal district courts in California, including his two most recent awards which were granted at his then-current rate of $650 per hour. Id. ¶¶ 14–17 (describing fee awards in Tash v. Metropolitan Life Insurance Company et al., SACV 14-1914 AG(RNBx), and Popovich v. Metropolitan Life Insurance Company, 2:15-cv-09791-AB(MRWx)). Horrow is a similarly experienced trial attorney who has been in private practice since 1992. Horrow Decl. ¶¶ 3, 6. In the same two cases referenced by Petti, Horrow was awarded his then current rate of $650 per hour. Id. Exs. B, C. Petti and Horrow both raised their rates to $700 in May of 2018. Id. ¶ 19; Petti Decl. ¶ 23.[2] Podgurski has been in private practice since 2005 and seeks an hourly rate of $400. Podgurski Decl. ¶¶ 3–4, 11. Podgurski attests that her rate is reasonable based on her capabilities and experience as well as the rates of ERISA practitioners of comparable experience. Id. ¶ 11.

Defendant contends that plaintiffs' hourly rates are excessive because they have not demonstrated that "paying clients" would pay their rates and because the method of relying on self-serving declarations and prior court orders results in "perpetuating rate inflation." Opp'n at 9–10. Defendant, however, fails to submit any declarations or evidence controverting plaintiffs' proposed rates. The cases defendant cites to suggest that courts are not "routinely awarding $650-plus rates" are inapposite because they either involve younger attorneys with less experience than plaintiffs' counsel or counsel whose proposed rates were lower than the prevailing market rate. Accordingly, the Court finds that the requested rates are commensurate with the experience and skill of counsel and the prevailing market rates for similar work in the relevant community.

---

[1] Defendant objects to the declarations of Ronald Dean, David Scheper, and George Newhouse, contending that the declarations lack foundation and are speculative, irrelevant, and conclusory. Opp'n at 10. The Court has reviewed the declarations at issue and overrules defendant's objections.

[2] Defendant contends that Petti did not raise his rates in May of 2018 because on August 23, 2018, Horrow sent defendant an email providing plaintiffs' fees as of that date, which apparently calculated Petti's fees based on a rate of $650 an hour. Dkt. 77-1, Ex. 7. The Court declines to discredit Petti's declaration on this basis because the sum in Horrow's e-mail could have been the result of miscalculation or inadvertence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

### C. Reasonable Hours

Plaintiffs request a lodestar of $237,780 based on approximately 384.9 attorney hours. Mot. at 16. Defendant raises several objections to the number of hours for which plaintiff seeks to recover. Opp'n at 13–19. The Court addresses defendant's arguments in turn.

#### 1. Excessive and Redundant Hours

Defendant argues that plaintiffs' counsel spent too much time on this case given that this was a "garden-variety ERISA action," and that plaintiffs' counsel should have spent less time on each motion and task at every stage of this action. Opp'n at 13, 15–17. Plaintiffs reply that this action was "extremely complex from a factual perspective, and presented a number of difficult legal issues," and that "LINA provides no foundation for its ability to serve as an arbiter of what constitutes a reasonable number of hours for a particular task." Reply at 12–13. The Court agrees that this action involved complicated factual and legal issues and declines to reduce plaintiffs' fee award on this basis. Having reviewed the time entries to which defendant objects, the Court finds that the hours expended by plaintiffs' counsel were not excessive or redundant.

#### 2. Vague Entries

Defendant argues that approximately a quarter of plaintiffs' attorneys' entries lack sufficient detail to demonstrate that their hours were reasonable. Opp'n at 14–15. The majority of the disputed entries are billing increments ranging from 12 minutes to 24 minutes described as "Discussion re case analysis" and "Emails to & from [client/defense counsel]." Opp'n at 14–15. Defendant accordingly seeks to reduce plaintiffs' fee bill by ten percent. Id. at 15. Plaintiffs respond that the disputed time entries provide sufficient information for the Court to understand how that time was expended. Reply at 15. "Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended." Lytle v. Carl, 382 F.3d 978, 989 (9th Cir. 2004). After reviewing the disputed entries, the Court finds that plaintiffs have generally satisfied their burden.

#### 3. Intra-Office Communications

Defendant argues that plaintiffs' entries for intra-office communications that add up to 32.7 hours should be eliminated. Opp'n at 15. Plaintiffs respond that such conferences were "helpful in getting Ms. Maurice the relief she was seeking." Reply at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

17. Having reviewed these disputed entries, the Court declines to find that the hours spent by counsel on intra-office communications were unnecessary.

### 4. Work on the Appeal

Defendant argues that plaintiffs cannot seek fees based on 10.8 hours of appeal work because neither party has demonstrated success on the merits with respect to their appeals. Opp'n at 17. Plaintiffs respond that "numerous cases stand for the proposition that post-litigation work, even on a separate but related case, is compensable when it is 'useful and of a type ordinarily necessary to secure the litigation's final result.'" Reply at 16 (quoting Stewart v. Gates, 987 F.2d 1450, 1452 (9th Cir. 1993)). The Court declines to award attorneys' fees based on the parties' appeal at this time.

### 5. Administrative Tasks

Defendant requests that the Court exclude 3.8 hours of Petti's time spent on administrative work such as billing, filing, and creating tables. Opp'n at 18. Plaintiffs do not appear to respond to this argument.

Clerical or secretarial tasks that contribute to the work product "should not be billed at a paralegal [or attorney's] rate, regardless of who performs them," and instead billed separately, at market rates, following the given practice in a community. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992). However, purely secretarial or clerical tasks are generally not recoverable and should instead be considered a part of normal overhead costs. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (noting that "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates."). Here, the disputed entries involve preparing tables, "[p]utting time together," and filing and serving papers. See Opp'n at 9. Because these tasks appear to be clerical in nature, the Court will exclude the corresponding fees from the lodestar.

In accordance with the foregoing, the Court concludes that a total of three hours, amounting to $2,100 in fees, should be excluded from Horrow's lodestar request based on the time spent on the appeal. The Court also concludes that a total of 11.6 hours, amounting to $8,045 in fees, should be excluded from Petti's lodestar request based on the time spent on the appeal and non-recoverable clerical tasks.

Accordingly, Petti is entitled to collect $121,690 in attorneys' fees based on 183 hours of work performed on this case. Horrow is entitled to collect $80,105 in attorneys'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 5:16-cv-02610-CAS(SPx) | Date | November 2, 2018 |
|---|---|---|---|
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

fees based on 122.7 hours of work performed on this case. No hours will be excluded from Podgurski's requested lodestar figure of $25,840 based on 64.60 attorney hours.

## IV.  CONCLUSION

For these reasons, the Court **GRANTS** plaintiffs' motion for reasonable attorneys' fees in the amount of $227,635, and costs in the amount of $3,865.66.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |