UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O

| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
|---|---|---|---|
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Russell Petti                                              Keiko Kojima

**Proceedings:**   PLAINTIFFS' MOTION TO RETAX COSTS (Filed 10/22/2020) [106]

## I.   INTRODUCTION & BACKGROUND

David Maurice was covered by two accidental death and disability policies (the "Policies") issued by defendant Life Insurance Company of North America ("LINA"). On October 10, 2015, Maurice submitted a claim for benefits under the Policies contending that he stepped on glass in a swimming pool in May 2008 and that a resulting infection ultimately required a below-the-knee amputation of his left leg. Maurice passed away on December 20, 2015. Defendant denied Maurice's claim for benefits on March 10, 2016, and on December 22, 2016, the Estate of David Maurice Jr. and Stacy Maurice filed this action to challenge defendant's denial of benefits. Dkt. 1. The Court held a bench trial and on June 4, 2018, the Court issued findings which overturned defendant's denial of benefits. Dkt. 57 ("Findings"). The Court entered judgment on June 15, 2018. Dkt. 59.

On July 13, 2018, defendant filed a notice of appeal from the Court's judgment. Dkt. 62. On February 5, 2020, the United States Court of Appeals for the Ninth Circuit reversed the Court's judgment and remanded with instructions to enter judgment for defendant. Dkt. 94. The Ninth Circuit concluded that because "diabetes 'substantially contributed' to the amputation" that was the subject of Maurice's benefits claim, the Policies did not provide coverage for the amputation. Id. at 3. The Ninth Circuit issued its formal mandate on April 27, 2020. Dkt. 102. On May 4, 2020, the Court issued an order filing and spreading the Ninth Circuit's mandate. Dkt. 104.

On October 19, 2020, the clerk of the court awarded defendant costs in the amount of $4,132.30. On October 22, 2020, plaintiffs filed a motion to retax the award of costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

Dkt. 106 ("Mot."). On November 2, 2020, defendant filed an opposition. Dkt. 107 ("Opp'n."). Plaintiffs filed a reply on November 9, 2020. Dkt. 110 ("Reply").

The Court held a hearing on November 23, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"When costs are awarded on appeal, a portion of the costs is taxed in the circuit court and a portion is taxed in the district court." Hynix Semiconductor Inc. v. Rambus Inc., No. C-00-20905-RMW, 2012 WL 95417, at *2 (N.D. Cal. Jan. 11, 2012) (quoting Record Club of America, Inc. v. United Artists Records, Inc., 731 F.Supp. 602, 603 (S.D.N.Y.1990)). The following provisions of Federal Rule of Appellate Procedure 39 ("FRAP 39") govern the taxation of appellate costs in the district court:

> **Rule 39. Costs**
>
> (a)   **Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:
>
>> (1)   if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>>
>> (2)   if a judgment is affirmed, costs are taxed against the appellant;
>>
>> (3)   if a judgment is reversed, costs are taxed against the appellee;
>>
>> (4)   if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.
>
> ...
>
> (e)   Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
>> (1)   the preparation and transmission of the record;
>>
>> (2)   the reporter's transcript, if needed to determine the appeal;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

    (3)    premiums paid for a bond or other security to preserve rights pending appeal; and

    (4) the fee for filing the notice of appeal.

Fed. R.App. P. 39(a), (e).

    FRAP 39(a) "is a 'to whom'" provision that provides the rule for determining which party is entitled to recover its taxable costs on appeal. Hynix Semiconductor Inc., 2012 WL 95417, at *2. "Subsections (a)(1) through (3) distribute the costs of appeal in situations in which it is generally apparent which party should bear the costs, such as when the appeal is dismissed, affirmed, or reversed." L–3 Commun. Corp. v. OSI Systems, Inc., 607 F.3d 24, 28 (2d Cir.2010). "Subsection (a)(4), however, acknowledges that there are some circumstances in which the disposition on appeal will not lend itself to a ready determination of which party, if any, should bear costs on appeal." Id. Accordingly, in circumstances falling within FRAP 39(a)(4), costs are taxed only as ordered by the court. Fed. R.App. P. 39(a)(4).

    In the Central District of California, Local Rule 54-4 provides that "[a]n application to tax costs on appeal that are taxable in the District Court under [FRAP] 39(e) shall be filed in the District Court no later than twenty-eight (28) days after the date the mandate or judgment is issued by the Court of Appeals." C.D. Cal. L.R. 54-4. After the clerk of court enters an order taxing costs, Local Rule 54-2.5 allows a party to "serv[e] a motion to retax costs within seven (7) days of the Clerk's decision," but the review on a motion to retax costs is "limited to the record made before the Clerk and encompasses only those items specifically identified in the motion." See C.D. Cal. L.R. 54-2.5.

## IV. DISCUSSION

    Plaintiffs' motion asks the Court to review the clerk's bill of costs and set aside the $4,132.30 in appellate costs taxed by the clerk pursuant to FRAP 39(e). Those appellate costs include $1,010 in appellate filing fees, $138.30 for hearing transcripts, and $2,984 in supersedeas bond premiums. See Dkt. 96-1. Plaintiffs primarily contend that this Court should exercise its discretion to retax these costs because Ms. Maurice has limited financial resources and would experience serious financial hardship if required to pay. See Mot. at 3. In addition, plaintiffs argue that overturning the award of costs here would avoid chilling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

meritorious ERISA lawsuits and would be appropriate in light of defendant's alleged misconduct in denying the underlying insurance claim. Id.

In opposition, defendant argues both that this Court lacks discretion to deny costs to which defendant is entitled pursuant to FRAP 39(e) and that, in any event, a discretionary denial of costs here is not warranted. Opp'n at 1. In support of its position, defendant contends that Ms. Maurice has not made a sufficient showing of financial hardship and plaintiffs could have avoided the many of the costs by stipulating to a deposit with the Court rather than insisting on an appeal bond. Id.

**A. The Court's Discretion to Modify Appellate Cost Award**

As a threshold matter, defendant contends that because it is the prevailing party within the meaning of FRAP 39(a)(3), the Court lacks discretion to decline to tax the appellate costs that are taxable in district court pursuant to FRAP 39(e) in its favor. Defendant argues that under FRAP 39(a)(3), appellate costs must be taxed by the district court pursuant to FRAP 39(e) unless the Court of Appeals orders otherwise because "[a] district court is specifically identified in FRAP 39(e) as a "district court," thus FRAP 39(a)'s reference to "the court" necessarily means the Court of Appeals." Opp'n at 4. Defendant cites no cases to support that position, instead noting that the cases cited by plaintiffs for the proposition that the Court may exercise discretion reference Federal Rule of Civil Procedure 54 ("FRCP 54"), not the appellate rule. Id.

Plaintiffs do not dispute that defendant is the prevailing party within the meaning of FRAP 39(a)(3), but they contend that FRCP 54(d)(1) governs an application for costs in the district court, even if authorized by the Federal Rules of Appellate Procedure. Reply at 4. As such, plaintiffs contend that the Court may exercise discretion to decline to tax any costs. Id.

The Court agrees with defendants that taxation of appellate costs in district court is governed by FRAP 39. See e.g. C.D. Cal. L.R. 54-4 (noting that appellate costs "are taxable in the District Court under [FRAP] 39(e)").

However, there is a split in authority as to whether the district court possesses discretion to deny or reduce an award of costs pursuant to FRAP 39(e) when the party seeking costs is the prevailing party within the meaning of FRAP 39(a)(3). The Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

Circuit has not squarely addressed this particular issue. Most circuits which have considered the district court's discretion in this context have concluded that, consistent with interpretation of FRCP 54(d)(1), FRAP 39(a)(3) and (e) together create a strong presumption in favor of awarding costs to the prevailing party, but that a district court retains discretion to deny those costs. For example, the Seventh Circuit has explained that its precedents hold "that a district court has broad discretion to deny costs to a successful appellee under [FRAP] 39(e)," including that "the 'unless … the court orders otherwise" language in [FRAP] 39(a) confirms that a district court may, in its sound discretion, depart from the default awards set out in [FRAP] 39(a)(1)-(3) when assessing costs under Rule 39(e)." Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442, 449 (7th Cir. 2007) (quoting Guse v. J.C. Penney Co., 570 F.2d 679, 681 (7th Cir.1978)); see also Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 626 (8th Cir. 2003) ("Pursuant to the provision of [FRAP] 39(e), the district court is free to determine whether the premium paid on the supersedeas bond should be taxed as costs after there has been a determination on the merits of this case."); cf. L-3 Commc'ns Corp., 607 F.3d at 30 (holding that an appellate court must determine which party should bear costs before costs may be taxed under FRAP 39(a)(4) and finding that the district court did not abuse its "broad discretion" in taxing costs to the party designated by the appellate court.").

To the contrary, the Fifth Circuit recently considered the scope of discretion to reduce or deny appellate costs under FRAP 39(e) as to a prevailing party under FRAP 39(a)(3) and held that the district court lacked discretion to deny those costs. City of San Antonio, Texas v. Hotels.com, L.P., 959 F.3d 159, 167 (5th Cir. 2020). In so holding, the Fifth Circuit panel acknowledged the weight of authority from other circuits adopting the contrary approach, but explained that it was bound by its own prior precedent holding that "[FRAP] 39(e) is mandatory" and, as such "the district court had no discretion whether, when, to what extent or to which party to award the costs of appeal" including appeal bond premiums. Id. (quoting Sioux, Ltd., Sec. Litig. v. Coopers & Lybrand, 914 F.2d 61, 66 (5th Cir. 1990)).

On balance, the Court is persuaded by those decisions holding that that a district court may exercise discretion to depart from the default awards laid out by FRAP 39(e). At least one other district court in the Ninth Circuit has reached the same conclusion. See Gilmore v. Lockard, No. 1:12-cv-00925-NONE-SAB (PC), 2020 WL 1974205, at *2 (E.D. Cal. Apr. 24, 2020) ("Similar to [FRCP] 54(d)(1), FRAP 39(e) plainly states that the prevailing party by default is "entitled to costs under this rule. The court therefore construes

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

FRAP 39(e) as creating a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded.") (internal quotations omitted). Therefore, the Court finds that, contrary to defendant's argument, the Court possesses the authority to exercise discretion to reduce or deny appellate costs that are taxable in district court pursuant to FRAP 39(e).

### B. Plaintiffs' Request to Retax Costs

Plaintiffs cite three reasons why the Court should exercise its discretion to retax the appellate costs awarded to defendant: (1) plaintiffs argue that Ms. Maurice's inability to pay due to her limited financial circumstances justifies relief from the costs; (2) plaintiffs argue that an award of costs here could chill insureds from bringing meritorious claims in the future; and (3) plaintiffs contend that defendant engaged in misconduct in denying the underlying insurance claim that justifies a denial of costs. Mot. at 1. Defendants oppose plaintiffs' request to retax the costs, arguing that even if the Court has discretion to do so, plaintiffs have not made a sufficient showing that Ms. Maurice is indigent or will be made indigent if costs are awarded and that many of the costs at issue could have been avoided if plaintiffs had stipulated to a deposit with the Court rather than insisting on an appeal bond.[1]  Opp'n at 5-6.

The Court concludes that plaintiffs have demonstrated good cause for the Court to exercise its discretion to retax the award of appellate costs. In the analogous context of an award of district court costs pursuant to FRCP 54(d)(1), the Ninth Circuit has determined that there is "a presumption in favor of awarding costs to a prevailing party, but [the rule] vests in the district court discretion to refuse to award costs." Assc. Of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000); see also Gilmore, 2020 WL 1974205, at *2 (construing FRAP 39(e) as creating "a presumption in favor of awarding

---

[1] At the hearing, counsel for defendant argued that while Ms. Maurice filed a timely opposition to defendant's application to tax costs, the Estate of David Maurice did not join the opposition and thereby waived its objections to the application. See Dkt. 97. However, the Court concludes that a failure by Ms. Maurice, who is the sole executrix of her husband's estate, to include the estate as a party opposing the taxation of costs should not operate here as a technicality that results in a waiver of plaintiffs' objections to the imposition of costs. Accordingly, the Court considers the instant motion with respect to plaintiffs Stacy Maurice and the Estate of David Maurice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

costs."). The Ninth Circuit has outlined a group of "appropriate reasons for denying costs" to a prevailing party including "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparities between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1248 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." Id. (internal quotations omitted). Here, the Court concludes that it is appropriate to decline to award costs due to plaintiffs' limited financial resources, the significant economic disparities between the parties, and the risk that an award of costs in this matter might chill insureds from bringing future meritorious lawsuits. Plaintiffs have adequately demonstrated via Ms. Maurice's declaration that Ms. Maurice cannot afford to pay the taxed appellate costs and that upholding the cost award would cause Ms. Maurice significant financial hardship. See Dkt. 106-1 at 6-8. Specifically, Ms. Maurice declares that does not have full-time employment and that she makes a total pre-tax income of approximately "$1,600 a month from [her] part time accounting work," plus approximately "$13,000 in commissions" from selling supplemental Medicare insurance annually. Id. at 7. Ms. Maurice is unable to afford medical insurance for herself on her limited income and is able to afford rent only because her "mother helps [her] out […] by paying half" of the $2000/month cost. Id. at 7-8. As such, the Court finds that requiring Ms. Maurice to pay more than $4,000 in costs would cause substantial hardship.[2] This is also a case where there is significant economic disparity between the prevailing party—a large national insurer—and the party against whom costs are sought, the surviving spouse of an accidental death and disability insurance policy holder who lives on a limited income. In addition, an award of appellate costs here risks disincentivizing other litigants from bringing meritorious claims to recover insurance benefits. As such, the Court finds that it would be inequitable to uphold the award of appellate costs to defendants.

Notably, in this very case, the Ninth Circuit considered appellant LINA's application for the portion of costs that are taxable before it and Ms. Maurice's opposition, where she indicated her inability to pay due to limited financial resources. See Dkt. 107-2 at 7-20.

---

[2] Although defendant has argued that plaintiffs could have avoided the portion of costs associated with the bond by stipulating to a deposit, counsel for plaintiffs explained at the hearing that he has a practice of demanding appellate bonds as a precaution for his clients. The Court credits that explanation and does not conclude that plaintiffs should have agreed to forgo the bond here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O |
|---|---|---|---|
| Case No. | 5:16-cv-02610-CAS-SPx | Date | November 23, 2020 |
| Title | ESTATE OF DAVID MAURICE, JR. ET AL. V. LIFE INSURANCE COMPANY OF NORTH AMERICA ET AL. | | |

The Ninth Circuit determined that an award of appellate costs was inappropriate in this case and ordered as follows: "Appellees' objection to the bill of costs is sustained. Each party shall bear its own costs on appeal." Dkt. 106-1 at 4. Even to the extent that the Ninth Circuit's order is not binding on this Court because different costs are taxable before the appellate and district courts, the Court finds the Ninth Circuit's determination that the parties should bear their own costs on this appeal highly persuasive and sees no reason to depart from it here. See Standard Concrete Prod. Inc. v. Gen. Truck Drivers Union Local 952, 175 F. App'x 932, 933 (9th Cir. 2006) (unpublished) (finding no abuse of discretion where district court relied on Ninth Circuit's order that "each party should bear its own costs of suit" to deny costs.).

Accordingly, the Court concludes that an award of appellate costs to defendant is inequitable under these circumstances, where there is a substantial disparity between the parties' resources and the imposition of $4,132.30 in costs would cause significant financial hardship to plaintiffs. The parties shall bear their own costs associated with the appeal and the Court directs the clerk of the court to retax the costs awarded to defendant.

**V. CONCLUSION**

In accordance with the foregoing, plaintiffs' motion to retax costs is **GRANTED**.

IT IS SO ORDERED.

| | | 00 | : | 13 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |